WO

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TAJUDEEN O. OLADIRAN; *et al.*, | No. 09-CV-01471-PHX-GMS |
| Plaintiffs, | **ORDER** |
| vs. | |
| SUNTRUST MORTGAGE, INC.; *et al.*, | |
| Defendants. | |

Pending before the Court are Defendants' Motion to Dismiss (Dkt. # 40) and Plaintiffs' Motion to Strike the Motion to Dismiss (Dkt. # 42). For the following reasons, the Court denies the Motion to Strike and grants the Motion to Dismiss.

**BACKGROUND**

On July 10, 2009, Plaintiffs Tajudeen O. Oladiran and Charlotte H. Oladiran (collectively "Plaintiffs") filed the instant action against multiple defendants in Maricopa County Superior Court, alleging several causes of action arising under Arizona law. (*See* Dkt. # 1.) The defendants named in the complaint (collectively "Defendants") include: SunTrust Mortgage, Inc. ("SunTrust Mortgage"), Mortgage Electronic Registration Systems, Inc., SunTrust Banks, Inc. ("SunTrust Bank"), James M. Wells III, Jane Doe Wells III, Sterling Edmunds, Jr., and Jane Doe Edmunds, Jr.

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the case was removed from Maricopa County Superior Court on July 16, 2009. (*Id.*) Thereafter, Plaintiffs filed an amended

complaint on July 27, 2009, alleging six causes of action: (1) commission of racketeering activity under Arizona Revised Statute §§ 13-2301 *et. seq.*; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; (4) fraud; (5) violation of Arizona banking laws under Arizona Revised Statute §§ 601 *et. seq.*; and (6) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Dkt. # 16.) While Plaintiffs allege Counts One, Four and Six against all of the Defendants, Plaintiffs allege only Counts Two, Three, and Five as against Defendants SunTrust Mortgage and SunTrust Bank.

On September 23, 2009, Defendants filed a Motion to Dismiss Counts One, Four, and Six of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. # 40.) Rather than file a responsive memorandum, however, Plaintiffs filed a separate Motion to Strike. (Dkt. # 42.) And, although the Court ordered Plaintiffs to respond to the Motion to Dismiss by December 17, 2009, Plaintiffs failed to do so.

## DISCUSSION

**I. Plaintiffs' Motion to Strike is Denied.**

Plaintiffs argue that Defendants' Motion to Dismiss should be stricken because it is redundant under Federal Rule of Civil Procedure 12(f). (Dkt. # 42 at 2.) Rule 12(f) provides, "The Court may strike from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Local Rule 7.2(m)(1) further explains:

> [A] motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rule of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(A)(iii), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by statute, rule, or court order.

LRCiv. 7.2(m)(1). In other words, a party may file a motion to strike a pleading, filing, or other submission when the submission prohibited by statute, rule, or Court order.

According to Plaintiffs, the Motion to Dismiss should be stricken because it is redundant and relates to the same matters at issue in Plaintiffs' Motion for a Preliminary Injunction. (*See* Dkt. # 17.) But, even though the Motion for Preliminary Injunction was still pending when Plaintiffs filed their Motion to Strike, the Court subsequently denied the

1  Motion for Preliminary Injunction on October 1, 2009. (Dkt. # 46.) In denying the Motion, the Court also vacated a hearing that had been scheduled to determine the merits of Plaintiffs' request for an injunction because the foreclosure sale that allegedly necessitated the injunction was cancelled. (*Id.*) Several weeks later, after it had become clear that the issues in the Motion to Dismiss no longer overlapped with another pending motion, the Court specifically ordered Plaintiffs to file an answering memorandum to the Motion to Dismiss. Accordingly, because the Motion for Preliminary Injunction is no longer pending, and because the hearing on the matter had been vacated, the Motion to Dismiss cannot be said to be redundant with the parties' other filings. As Plaintiffs do not present any other basis for striking the Motion to Dismiss, the Court denies Plaintiffs' Motion to Strike.

**II. Defendants' Motion to Dismiss is Granted.**

In their Motion to Dismiss, Defendants argue that Counts One, Four, and Six of the Amended Complaint fail as a matter of law. Specifically, Defendants contend that Plaintiffs fail to plead these fraud-based claims with particularity as required under Federal Rule of Civil Procedure 9(b). *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Plaintiffs, however, have not responded to Defendants' Motion.

Upon examination, and in the absence of any Response, the Court concludes that Counts One, Four, and Six of the Amended Complaint fail to comply with the requirements of both Rule 9(b) and *Ashcroft v. Iqbal*. *See* 129 S. Ct. 1937, 1949 (2009) (holding that to survive a motion to dismiss under Federal Rule of Civil Procedure 12b(6), a "plaintiff [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

In addition, the Ninth Circuit has established "a five-part 'test' to determine whether a dismissal sanction is just when a party fails to respond to a motion to dismiss: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket[]; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

sanctions.'" *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)); *see Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5 . . . are decisive." *Valley Eng'rs*, 158 F.3d at 1057.

Applying factor 3, Defendants will be prejudiced by Plaintiffs' continued refusal to respond to the motion and to comply with the Court's orders. Defendants have taken timely action to address Plaintiffs' claims and to reduce the cost and complexity of this litigation, and Plaintiffs' refusal to respond, if permitted to continue, would further frustrate those efforts.

Next, Factor 5 "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Id.* With respect to this factor, the Court concludes that alternative sanctions are not appropriate. The Court has afforded Plaintiffs ample time to respond to Defendants' motion and has explicitly warned them that failure to do so could result in the granting of the motion. Plaintiffs nonetheless have failed to respond or to take any other action to prosecute his claim. Because the Court concludes that the Motion to Dismiss has merit and the dismissal is without prejudice, the Court grants Defendants' Motion to Dismiss relating to Plaintiffs' claims for racketeering under Arizona law (Count One), fraud (Count Four), and racketeering under RICO (Count Six).

**IT IS THEREFORE ORDERED**:

(1) Plaintiffs' Motion to Strike (Dkt. # 42) is **DENIED**;

(2) Defendants' Motion to Dismiss (Dkt. # 40) is **GRANTED** as set forth in this Order;

(3) Plaintiffs' Counts: One, Four, and Six of the Amended Complaint are **DISMISSED** without prejudice;

(4) Because Plaintiffs' remaining claims only pertain to Defendants SunTrust Mortgage and SunTrust Bank, the Clerk of Court is directed to **TERMINATE** the remaining

Defendants: Mortgage Electronic Registration Systems, Inc., James M. Wells III, Jane Doe Wells III, Sterling Edmunds, Jr., and Jane Doe Edmunds, Jr; and

(5) Plaintiffs' request for sanctions (Dkt. # 42) is **DENIED**.

DATED this 11th day of January, 2010.

*[signature]*
G. Murray Snow
United States District Judge